UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:     CASE NO. 13-05774-8-RDD

ROANOKE TIMBERLANDS, LLC,     Chapter 11
      Debtor-in-Possession

**PLAN OF LIQUIDATION**

The Debtor in the above captioned Chapter 11 case proposes this Plan of Liquidation.

ARTICLE I
DEFINITIONS

For the purposes of the Plan the following definitions shall apply:

1. "Code" shall mean Title 11 of the United States Code as amended.

2. "Court" shall mean the United States Bankruptcy Court for the Eastern District of North Carolina in which this case is pending.

3. "Creditors" shall mean all creditors of the Debtors holding claims for debts, liabilities, demands or claims of any character whatsoever.

4. "Confirmation of the Plan" shall mean the entry by the Court of an order confirming the Plan in accordance with Chapter 11.

5. "Debtor" shall mean Roanoke Timberlands, LLC, the entity listed in the caption of the Plan.

6. "Effective Date" shall be 30 days after the sales of all real property are complete and fully funded.

7. "General Unsecured Creditors" shall mean all allowed claims held by creditors of the Debtor, other than Secured Claims or Priority Claims, and shall include claims of secured creditors to the extent that the same are unsecured in part and claims arising out of the rejection of executory contracts or unexpired leases.

8. "Lien" shall mean a mortgage, pledge, judgment lien, security interest, charging order, or other charge or encumbrance on the Debtor's property effective under the applicable law as of the date of the Debtor's petition.

1

9.    "Non-classified Claims" shall mean claims not entitled to classification under Section 1123(a)(1).

10.    "Petition Date" shall mean the date the voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code was filed; 12 September 2013.

11.    "Priority Claim" shall mean the unsecured claim of a creditor entitled to priority under Section 507, **excluding** tax claims entitled to priority under Section 507(a)(8).

12.    "Plan" shall mean this Plan of Reorganization in its present form or as it may be amended or supplemented.

13.    "Secured Claim" shall mean all claims secured by liens on the property of the Debtor, which liens are valid, perfected and enforceable under applicable law and are not subject to avoidance under the Bankruptcy Code or other applicable nonbankruptcy law and are duly established in this case.

## ARTICLE II
## GENERAL PROVISIONS

The following general provisions apply to this Plan:

1.    Claims: Various claims are defined in this Plan.  The Plan is intended to deal with all claims against the Debtor of whatever character, whether or not contingent or liquidated and whether or not allowed by the Code pursuant to Section 502(a).

2.    Preserved Liens: To the extent required under Section 1124(2) of the Code to preserve the rights of a secured creditor, the lien or encumbrance of that creditor shall, to the extent valid, be preserved or will otherwise be satisfied by cash payment to the extent of the value of the secured property or amount of secured debt, whichever is less.

3.    Time for Filing Claims: All creditors whose claims are absent from the schedules or are scheduled as disputed or unliquidated in the Debtor's schedules must file such claims by the bar date established by the Court, 15 January 2014, in order to be treated under the Plan.  However, the Debtor and all other parties in interest shall have 60 days after the Effective Date or 60 days after the bar date, whichever is later, to object to said claims.

4.    Modification of the Plan: This Plan may be modified upon any application by the Debtor or corrected prior to Confirmation without notice and hearing and without additional disclosure pursuant to Section 1125 of the Code, subject to a determination at the time of Confirmation by the Court that such modification or correction does not materially or adversely affect any creditor or class or creditors.  After confirmation of the Plan, the Debtor may, upon approval of the Court, remedy any defect or omission, or reconcile any inconsistencies in the Plan or in the Confirmation Order is such manner as may be necessary to carry out the purpose and effect of this Plan without further notice and hearing.  However, to the extent the Court deems

necessary, the Debtor may be required to grant affected creditors notice and opportunity to be heard on such modifications.

## ARTICLE III
## DIVISIONS OF CLAIMS AND INTERESTS

Class 1: All allowed Priority Claims;
Class 2: Secured Claim of Halifax County Tax Assessor;
Class 3: Secured Claim of Coastal Federal Credit Union;
Class 4: All General Unsecured Claims, other than equity;
Class 5: Claims of Equity Security Holders; and
Non-classified Claims.

For clarification, a summary of claims and classes is attached as an exhibit to the Disclosure Statement.

## ARTICLE IV
## TREATMENT OF CLASSES AND CLAIMS

1.      Class 1 Creditors are unimpaired.  All Class 1 Creditors will be paid the cash value of their allowed claim in full through quarterly payments beginning on the last day of the quarter after the Effective Date and continuing until the 4th Quarter of 2015.  However, to the extent it does not impact the payment to other creditors, the Debtor may pay these claims in full at any time during the repayment period.

2.      Class 2 Creditor is impaired.  This class consists of a claim for property taxes on the Debtor's property in Halifax County in favor of **Halifax County Tax Collector**.

Due to market conditions and current valuations, the Debtor values this property far in excess of any taxes owing.   As such, Class 2's secured claim will be **fully secured.**  As a first position secured claim, this claim shall be paid in full upon sale of the property.

Pursuant to 1129(a)(9)(d), in the interim, the Debtor shall pay this claim under the terms allowed for tax claims in 1129(a)(9)(c); with the claim being paid in full at the statutory rate of interest within five years of the date of the petition in equal quarterly payments. The payments will begin on the last day of the quarter following the Effective Date.

3.      Class 3 is impaired.  This class consists of a note secured by a deed of trust against the Debtor's property in Halifax County in favor of **Coastal Federal Credit Union**.  In addition, the Debtor's property in Halifax County, non-estate property is also pledged in support of this note. Coastal has filed a proof of claim in this matters establishing its claim at $2,461,298.82. (Claim No. 3)

Through its marketing plan as described in Article V, the Debtor proposes to pay Coastal the net sales proceeds from the sale of the Halifax County property.  The Debtor projects that net proceeds

3

will pay Coastal's allowed claim in full.

      4.    Class 4 Creditor is impaired.  Based upon the value of the assets, the deductions for administrative costs and the proofs of claim filed, the Debtor is unsure as to what distribution unsecured creditors would receive under a forced liquidation.

However, the Debtor proposes to pay the unsecured creditors the net proceeds after satisfaction of senior classes, up to 100% of all allowed unsecured claims; said payment to be made within 90 days of the satisfaction of all of the administrative, priority and secured claims.

      5.    Class 5 is impaired. This class consists of the equity interests and claims of shareholders in whatever form.

The equity security holders shall retain their interests.  However, shareholders may be asked to make capital contributions in support of the Plan and the Debtor reserves the right to alter the shareholders' interests based on the new value to the estate by such required funding.

Shareholders will in turn divide the remaining proceeds after satisfaction of all other classes under the Plan and payment of all outstanding shareholder loans.

      6.    Non-classified Claims are unimpaired.  By definition, the only claims which are not otherwise classified are claims for taxes arising under Section 507(a)(8) and administrative claims arising under Section 507(a)(2).  These claims shall be satisfied pursuant to their respective treatments under Section 1129(a)(9)(A) & (C).

In the instant case, all known tax claims are addressed as secured claims above.  To the extent priority taxes arises other than those set forth more specifically above, these claims shall receive their statutory treatment pursuant to Section 1129(a)(9)(C); payment in full at the statutory rate of interest under Section 511 within five years of the date of the petition in equal quarterly payments. The payments will begin on the last day of the quarter following the Effective Date.  However, these claims would be paid in full prior to any payment to unsecured creditors and equity security holders.

Administrative claims shall be paid in full on or before the Effective Date or on terms as agreed to by administrative creditors.  If these claims remain unsatisfied after the Effective Date, these claims shall be addressed as a cost of sale upon the sale of property under the Plan pursuant to Section 506(c) and the property shall not vest in the Debtor until these claims are paid in full.

## ARTICLE V
## MEANS OF EXECUTION OF THE PLAN

The Debtor intends to satisfy all claims through the liquidation of its property.  The Debtor holds two tracts of real property and intends to market and sell these properties.  The Debtor has consulted with Murray Wise Associates and MWA has prepared a marketing plan to market and sell the properties through public auction.  MWA is well known in this area and has had great

success in obtaining the highest possible value for the property through its sales process.  In general, MWA has proposed dividing the property into 8 to 12 tracts.  The Debtor will prepare the property for sale and MWA will begin its marketing efforts.  It is contemplated that sale would be in the Spring of 2014 with the process beginning some 60 days prior.

In order to fund the sales process, the Debtor will selectively cut and sell timber from the property.  This investment in the sales process shall ensure that the best, highest price is obtained for the property.

As part of the sale of the property, the Debtor will satisfy the property taxes.  The Debtor will also pay the administrative costs of sale.  The net proceeds will be distributed according to the Debtor's Plan, as set forth above.  To the extent necessary, the Debtor will seek separate Court approval in order to keep on schedule with this process.

Upon resolution and satisfaction of the claims of the estate, the Debtor will be dissolved.

## ARTICLE VI
## RETENTION OF JURISDICTION

The Court shall retain jurisdiction of this case after Confirmation until the final distribution under Article IV has been made in respect to the following matters:

    A. To enable any party in interest to consummate any and all proceedings that it may bring prior to confirmation;

    B.  To hear and determine all claims, including claims arising from the rejection of any executory contract or unexpired lease and any objections which may be made thereto;

    C.  To liquidate or estimate damages or determine the manner and time for such liquidation or estimation in connection with any contingent or unliquidated claim;

    D.  To adjudicate all claims to any lien on any property of the Debtors or any proceeds thereof;

    E.  To adjudicate all claims or controversies arising during the pendency of the Chapter 11 case;

    F.  To allow or disallow any claims; and

    G.  To make such orders as are necessary or appropriate to carry out the provisions of the Plan.

## ARTICLE VII
## EFFECT OF CONFIRMATION

The Debtor submits that the creditors under this Plan will receive more than they would under a Chapter 7 liquidation.  Therefore, subject to the limitation of Section 1141(d), the Debtor hereby gives notice that it intends to seek a discharge upon confirmation of this plan.  Except as otherwise provided in the Plan, the confirmation of the plan vests all the property of the estate in the Debtor.

Except as provided herein, all contracts which exist between the Debtor and any individual or entity, whether such contract be in writing or oral, which have not heretofore been rejected or heretofore been approved by Orders of the Court are specifically rejected.

    Respectfully submitted this 18th day of February 2014.

**J.M. Cook, P.A.**

By: /s/ *J.M. Cook*

J.M. Cook
Attorney at Law
5886 Faringdon Place
Suite 100
Raleigh, NC  27609
Tel: (919) 675-2411
Fax: (919) 882-1719
Email: J.M.Cook@jmcookesq.com

6